UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TARA WOODY ) | |
| ) | JURY TRIAL DEMANDED |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| TYSON FOODS, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**COMPLAINT FOR DAMAGES**

COMES NOW, Tara Woody ("Plaintiff"), through undersigned counsel, and files this complaint for damages against Tyson Foods, Inc. ("Defendant"), and for her Complaint shows the following:

### I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's violation of the Civil Rights Act of 1991, 42 U.S.C. § 1981, *et. seq.* ("Section 1981") and under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII").

1

Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

5.

On March 30, 2023, Plaintiff received her Notice of Right to Sue from the EEOC.

6.

Therefore, Plaintiff has timely filed his complaint for damages within the 90-day period.

## II.  Parties and Facts

7.

Plaintiff is an African American male citizen of the United States of America and is subject to the jurisdiction of this Court.

8.

At all times relevant Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

9.

Defendant may be served with process at its regional corporate office at the following address: CT Corporation at 289 Culver St S, Lawrenceville, GA 30046.

10.

Plaintiff became employed at Defendant on September 6, 2011.

11.

During the relevant time period, Plaintiff held the position as Warehouse Manager 2 at Defendant's Macon location.

12.

Plaintiff was the only African American, and the only female to hold this position at the time.

13.

In July 2022, Plaintiff's building failed a PWC audit. In addition to Plaintiff's building that failed their most recent audit, there was at least one other building that also failed the audit.

14.

This other building was run by Duane Redder, a Caucasian male who also served in the Warehouse Manager 2 position.

15.

However, Plaintiff was the only Warehouse Manager 2 to be terminated for failing the audit.

16.

Both Plaintiff and Mr. Redder reported to the same supervisor who also was one of the decisionmakers in Plaintiff's termination.

17.

Prior to her termination, Plaintiff had never been written up, received a reprimand, or poor performance evaluation.

## Count I
## RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

18.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

19.

Defendant subjected Plaintiff to discrimination on the basis of her race.

20.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

21.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of her race.

22.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical well being.

23.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to her emotional health, and has lost back pay and front pay.

24.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

25.

Defendant chose not to take appropriate remedial steps to prevent or correct the harassment.

26.

Defendant terminated Plaintiff in violation of the Act.

27.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination against Plaintiff under the Act.

28.

As a direct, natural, proximate and foreseeable result of Defendant's discrimination, Plaintiff has suffered past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

29.

Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to federal law.

30.

Plaintiff, having been discriminated against by Defendant, has suffered irreparable harm for which there is no plain, adequate or complete remedy at law.

## Count II
## RACE DISCRIMINATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1964 (TITLE VII)

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

31.

Defendant subjected Plaintiff to discrimination on the basis of her race.

32.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of The Civil Rights Act of 1964 (Title VII).

33.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of her race.

34.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical well being.

35.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to her emotional health, and has lost back pay and front pay.

36.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

37.

Defendant chose not to take appropriate remedial steps to prevent or correct the harassment.

38.

Defendant terminated Plaintiff in violation of this Act.

39.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination against Plaintiff under the Act.

40.

As a direct, natural, proximate and foreseeable result of Defendant's discrimination, Plaintiff has suffered past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

41.

Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to federal law.

42.

Plaintiff, having been discriminated against by Defendant, has suffered irreparable harm for which there is no plain, adequate or complete remedy at law.

### Count III
### SEX DISCRIMINATION IN VIOLATION OF TITLE VII

43.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

44.

Defendant's actions in subjecting Plaintiff to ongoing sex discrimination constitute unlawful discrimination on basis of Plaintiff's gender/sex in violation of Title VII.

45.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

46.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her sex.

47.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

48.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

**WHEREFORE**, Plaintiff judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condemnation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant, from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

Respectfully submitted the 17th day of May, 2023.

/s/ Jeremy Stephens
Jeremy Stephens, Esq.
Ga. Bar No.: 702063
**MORGAN & MORGAN, P.A.**
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Tel:   (404) 965-1682
Email: *jstephens@forthepeople.com*